ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire #52648
Eva C. Zelson, Esquire #320699
Derek J. Demeri, Esquire #329026
100 Century Parkway, Suite 160
Mount Laurel, NJ 08054
(856)778-9700 (T)
(856)702-6640 (F)
ezelson@glzefflaw.com                          *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.A., a minor, by and through her natural guardian, Danielle Rowe, <br><br> AND <br><br> DANIELLE ROWE, *on her own behalf*. <br><br><br> *Plaintiffs,* <br> v. <br><br> CITY OF LANCASTER <br> 120 North Duke Street <br> Lancaster, PA 17608 <br><br> AND <br><br> DETECTIVE AUSTIN KRAUSE <br> C/O CITY OF LANCASTER <br> 120 North Duke Street <br> Lancaster, PA 17608 <br><br> AND <br><br> CHIEF OF POLICE JOHN T. BEY <br> C/O CITY OF LANCASTER <br> 120 North Duke Street <br> Lancaster, PA 17608 <br><br> AND <br><br> EAST HEMPFIELD TOWNSHIP <br> 1700 Nissley Road | CIVIL ACTION NO.: <br><br> COMPLAINT AND JURY DEMAND |

Landisville, PA 17538

AND

DETECTIVE RICHARD GAUCK
C/O EAST HEMPFIELD TOWNSHIP
1700 Nissley Road
Landisville, PA 17538

AND

COUNTY OF LANCASTER
150 North Queen Street
Lancaster, PA 17603

AND

CHIEF COUNTY DETECTIVE KENT
SWITZER
C/O COUNTY OF LANCASTER
150 North Queen Street
Lancaster, PA 17603

AND

OFFICER(S) JOHN DOE(S)

*Defendants.*

## CIVIL ACTION

### THE PARTIES

1. Danielle Rowe (hereinafter "Plaintiff Rowe"), on behalf of A.A., a minor (hereinafter "Plaintiff A.A."), is the parent and guardian of Plaintiff A.A. At all times relevant herein, both resided in Lancaster, Pennsylvania.

2. Defendant City of Lancaster  (hereinafter "Defendant City") was at all times relevant herein a municipality with offices located at the above address.

3. Defendant Detective Austin Krause (hereinafter "Defendant Detective Krause") was at all times relevant herein a detective employed by Defendant City. Defendant Detective Krause is sued in his individual and official capacities.

4.  Defendant Chief of Police John T. Bey (hereinafter "Defendant Bey") has been the Chief of Police of Defendant City since November 2020. As Chief of Police, Defendant Police Chief is responsible for promulgating and enforcing all policies, customs and practices of the Defendant City's police department.

5.  Defendant East Hempfield Township ("Defendant Township") was at all times relevant herein a municipality with offices located at the above address.

6.  Defendant Detective Richard Gauck (hereinafter "Defendant Detective Gauck") was at all times relevant herein a detective employed by Defendant Township. Defendant Detective Gauck is sued in his individual and official capacities.

7.  Defendant Chief of Police Stephen A. Skiles ("Defendant Skiles") has been the Chief of Police of Defendant Township since 2010. As Chief of Police, Defendant Skiles is responsible for promulgating and enforcing all policies, customs and practices of the Defendant Township's police department.

8.  Defendant Lancaster County ("Defendant County") was at all times relevant herein a municipality with offices located at the above address.

9.  At all times relevant herein, Defendant County operated and/or controlled the Lancaster County Drug Task Force.

10. Defendant Chief County Detective Kent Switzer ("Defendant Switzer") has been the Chief County Detective of Defendant County since 2016. As Chief County Detective, Defendant Switzer is responsible for promulgating and enforcing all policies, customs and practices of the Defendant County's Lancaster County Drug Task Force.

11. Defendant(s) Officer (s) John Doe(s) at all times relevant were police officers acting under color of state law in or around Lancaster, Pennsylvania.

## JURSIDICTION AND VENUE

12. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

13. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

14. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

15. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

16. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendants are located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **FACTUAL SUMMARY**

17. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. On or around May 6, 2021, Defendants Detective Gauck and Detective Krause (Collectively "Defendant Detectives") were executing a search warrant at Plaintiff Rowe's residence.

19. At the time, Defendant Detectives were acting on behalf of Defendant County as members of the Lancaster County Drug Task Force. Defendant Krause was also acting on behalf of Defendant City and Defendant Gauck was also acting on behalf of Defendant Township.

20. At the time Defendant Detectives executed the search warrant, Plaintiff A.A. was fifteen years old.

21. The search warrant was issued due to the suspected criminal activity of an individual in the residence. The individual was not Plaintiff Rowe or Plaintiff A.A.

22. At no time were either Plaintiff Rowe or Plaintiff A.A. suspected and/or accused of any criminal wrongdoing.

23. Nothing about Plaintiff Rowe or Plaintiff A.A.'s conduct would have led a reasonable officer to believe that there was a reasonable suspicion that Plaintiff Rowe or Plaintiff A.A. had committed or would commit a crime.

24. Further, Defendant Detectives were able to execute the search warrant and accomplish all related tasks without incident. The subject of the search warrant cooperated with police.

25. Despite this, upon executing the search warrant, Defendants Detective Gauck and Krause instructed Plaintiff A.A. to exit the residence with her hands behind her head.

26. Plaintiff A.A. was wearing only her undergarments when Defendant Detectives instructed her to exit the residence.

27. Plaintiff A.A. requested that Defendant Detectives allow her to clothe herself or have some garment draped around her before being escorted out of the residence.

28. Defendants Detectives unreasonably denied this request.

29. There was no exigent or other circumstance that would have prevented Plaintiff A.A. from clothing herself prior to being led out of the residence.

30. Plaintiff A.A. informed Defendants Detectives that she was fifteen years old before being escorted out of the residence.

31. Similarly, Plaintiff Rowe was also in only undergarments and also requested that she be allowed to clothe herself prior to being led outside.

32. Defendant Detectives unreasonably denied this request.

33. Defendant Detectives zip-tied Plaintiff Rowe and A.A.'s hands behind their backs.

34. While Plaintiff A.A. was zip-tied and unclothed, one of the Defendant Detectives sexually assaulted A.A. by thrusting his pelvis into her back.

35. Following this, Defendant Detectives caused Plaintiff A.A. and Plaintiff Rowe to be exposed to the neighborhood while wearing only undergarments. Defendant Detectives caused Plaintiff A.A. to be seated outside with her legs spread, exposing her menstrual pad and part of her vagina.

36. Multiple onlookers observed Plaintiffs Rowe and A.A. in their undergarments and Plaintiff A.A. with her legs spread.

37. As a result of foregoing, Plaintiffs have suffered and are suffering severe emotional and/or psychological harm.

## COUNT I – SUBSTANTIVE DUE PROCESS CLAIM
### All Plaintiffs v. Defendant Detectives
### VIOLATION OF 42 U.S.C. § 1983

38. Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

39. At all times relevant herein, Plaintiffs had certain fundamental rights, including the right to privacy and/or bodily autonomy.

40. Plaintiffs were deprived of these rights by, among other things, being forced to be exposed in only their undergarments without any exigent or other justification.

41. The foregoing actions and inactions of Defendants resulted in Plaintiffs being unlawfully deprived of constitutionally protected interests without due process of law, which was a substantial factor leading to, and proximate cause of, the physical, emotional, developmental, financial, psychological, and/or psychiatric harm Plaintiffs have suffered.

   **WHEREFORE**, Plaintiffs seek the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – STATE CREATED DANGER
### All Plaintiffs v. Defendant Detectives
### VIOLATION OF 42 U.S.C. § 1983

42. Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

43. Defendant Detectives acted under the color of law to create a danger that would not have been present absent such conduct.

44. The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the substantive due process right to be free from state-created dangers.

45. Defendant Detectives violated this right by taking affirmative steps which placed Plaintiffs at imminent and foreseeable risk of legal danger and harm.

46. The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that Plaintiffs. suffered after being so placed was foreseeable, and directly, and proximately caused by Defendants' unconstitutional acts and omissions.

47. Defendants arbitrarily and capriciously deprived Plaintiffs of their due process rights in the absence of any countervailing state interest.

48. Plaintiffs' substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendant Detectives' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

      **WHEREFORE**, Plaintiffs seek the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – EXCESSIVE FORCE
**Plaintiff A.A. v. Defendant Detectives**
**VIOLATION OF 42 U.S.C. § 1983**

49. Plaintiff A.A. incorporate by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

50. The Fourth Amendment to the United States Constitution protects Plaintiff A.A. from being subjected to excessive force while being detained.

51. Further, Plaintiff A.A. had A.A. the constitutional right not to be subjected to excessive force while being stopped by police, even if the stop is otherwise proper.

52. Defendant Detectives violated this right when they intentionally committed acts that used more than the amount of force necessary under the circumstances to detain Plaintiff A.A.

      **WHEREFORE**, Plaintiff A.A. seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – FAILURE TO TRAIN
**All Plaintiffs v. Defendant City, Defendant Bey, Defendant Township, Defendant Skiles, Defendant County and Defendant Switzer**
**VIOLATION OF 42 U.S.C. § 1983**

53. Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

54. Defendants City, Bey, Township, Skiles, County and Switzer failed to properly train and supervise Defendant Detectives.

55. As such, Defendants City, Bey, Township, Skiles, County and Switzer were grossly negligent, deliberately indifferent, wanton, and reckless with respect to the potential violations of constitutional rights.

56. The absence of proper training regarding constitutional rights is causally related to the injuries suffered by Plaintiffs.

WHEREFORE, Plaintiffs seek the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – UNCONSTITUTIONAL CUSTOM, PRACTICE, AND/OR POLICY
### All Plaintiffs v. Defendant City, Defendant Bey, Defendant Township, Defendant Skiles, Defendant County and Defendant Switzer
### VIOLATION OF 42 U.S.C. § 1983 (*Monell*)

57. Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. As a result of Defendants' constitutionally infirm policies, customs, and practices described above, Plaintiffs have been deprived of their Constitutional Rights in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiffs seek the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V
### Plaintiff A.A. v. Defendant Detectives
### BATTERY

59. Plaintiff A.A. incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

60. Defendant Detectives, without provocation, justification, permission or cause, did commit battery upon the person of A.A. by committing sexual assault or misconduct upon her person.

61. As a direct result of Defendant Detectives' battery, A.A. suffered the injuries aforesaid.

WHEREFORE, Plaintiff A.A. seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Danielle Rowe and A.A., request that the Court grant him the following relief against Defendants:

    (a)    Damages for past and future monetary losses as a result of Defendants' violations of Plaintiffs' constitutional rights;

    (b)    Compensatory damages;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Emotional pain and suffering;

(f)     Reasonable attorneys' fees;

(g)     Recoverable costs;

(h)     Pre and post judgment interest;

(i)     An allowance to compensate for negative tax consequences;

(j)     A permanent injunction enjoining Defendants from engaging in, ratifying, or refusing to correct, policies and practices that violate constitutional rights; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**ZEFF LAW FIRM, LLC**

/s/*Eva C. Zelson, Esq.*
Eva C. Zelson, Esquire
Gregg L. Zeff, Esquire
Derek J. Demeri, Esquire
*Attorneys for Plaintiffs*

Dated: April 27, 2022

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.


## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not

the subject of any other action pending in any court or of a pending arbitration proceeding, nor at

the present time any other action or arbitration proceeding contemplated.


**ZEFF LAW FIRM, LLC**


/s/*Eva C. Zelson, Esq.*
Eva C. Zelson, Esquire
Gregg L. Zeff, Esquire
Derek J. Demeri, Esquire
*Attorneys for Plaintiffs*

Dated: April 27, 2022